**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-05534 MMM (SSx) | Date | September 4, 2008 |

| | |
|---|---|
| Title | *Townsend v. Akamai Tech., Inc,. et. al.* |

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order to Show Cause Why Action Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction**

    On August 22, 2008, plaintiff Robert Townsend filed a complaint against defendant Akamai Technologies, Inc., Nellymoser, Inc., Paul Sagan, Andrew Sherman, and Robert Hughes. Plaintiff alleged that defendants conducted a sham interview process in order to gather information about plaintiff's trade secrets. Plaintiff's complaint includes causes of action for misappropriation of trade secrets, breach of confidence, unfair competition under California Business & Professions Code § 17200, fraud, interference with prospective economic advantage, and unjust enrichment. Plaintiff asserts that the court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

**I. DISCUSSION**

    District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 472 & n.3 (1996). Furthermore, the complaint must allege the state of citizenship of each party in order to satisfy federal diversity jurisdiction. See *In re Mexico City Aircrash of October 31, 1979*, 708 F. 2d 404, 404 & n.4 (9th Cir. 1983) ("The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings."); see also *Bautista v. Pan American World Airlines, Inc.*, 828 F. 2d 546, 552 (9th Cir. 1987).

    Plaintiff alleges that both defendants Akamai Technologies, Inc. and Nellymoser, Inc. are businesses incorporated in the state of Delaware with their principal place of business in the state of Massachusetts. Plaintiff also alleges that defendant Paul Sagan was the CEO of Akamai, defendant Andrew Sherman was the Vice President of Sales at Nellymoser, and defendant Robert Hughes was

the Executive Vice President of Global Sales at Akamai. However, plaintiff fails to state the citizenship of these three individual defendants.

As noted, in order to establish complete diversity all the plaintiffs must have citizenship different than all of the defendants. The plaintiff alleges that he is a citizen of the state of California, which makes him diverse from Akamai and Nellymoser. However, since he does not state the citizenship of the three individual defendants, the court cannot ascertain whether the plaintiff is completely diverse from all the defendants. If any one of those three defendants is a citizen of the state of California, complete diversity will not exist.[1]

## II. CONCLUSION

Consequently, the court orders plaintiff to show cause, on or before **Thursday, September 18, 2008**, why the court should not dismiss the case for lack of subject matter jurisdiction.

---

[1] "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); see also *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Lew*, 797 F.2d at 749-50 (citing *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)).