FILED
CLERK, U.S. DISTRICT COURT

APR 1 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

NOTE CHANGES MADE BY THE COURT

LATHAM & WATKINS LLP
James L. Day (SBN 197158)
    jim.day@lw.com
Sahil Godiwala (SBN 260445)
    sahil.godiwala@lw.com
Danielle A. Lackey (SBN 252062)
    danielle.lackey@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

Attorneys for Defendants
AKAMAI TECHNOLOGIES, INC.;
PAUL SAGAN; and ROBERT HUGHES

"All future discovery filings shall
include the following language
on the cover page:
[Referred to Magistrate Judge
Suzanne H. Segal]"

PATRICK J. MANSHARDT
One Bunker Hill Building, Eighth Floor
601 West Fifth Street
Los Angeles, California 90071
213.688.4045
Fax: 213.688.4050
Email: PJManshardtlaw@aol.com

Attorney for Plaintiff ROBERT TOWNSEND

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN JUDICIAL DISTRICT

ROBERT TOWNSEND,

    Plaintiff,

    v.

AKAMAI TECHNOLOGIES, INC.;
NELLYMOSER, INC.; PAUL
SAGAN; ANDREW SHERMAN;
and ROBERT HUGHES;

    Defendants.

CASE NO. CV 08-5534 SVW (SSx)

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER

**A.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section J, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.     DEFINITIONS**

1.     <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staff).

2.     <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.     <u>"Confidential" Information or Items</u>:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

4.     <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  Extremely sensitive "Confidential Information or Items" whose disclosure to

1  another Party or nonparty would create a substantial risk of serious injury that
2  could not be avoided by less restrictive means.

3      5.    Receiving Party:  A Party that receives Disclosure or Discovery
4  Material from a Producing Party.

5      6.    Producing Party:  A Party or non-party that produces Disclosure or
6  Discovery Material in this action.

7      7.    Designating Party:  A Party or non-party that designates information
8  or items that it produces in disclosures or in responses to discovery as
9  "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

10     8.    Protected Material:  Any Disclosure or Discovery Material that is
11 designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

12     9.    Outside Counsel:  Attorneys who are not employees of a Party but
13 who are retained to represent or advise a Party in this action.

14     10.   House Counsel:  Attorneys who are employees of a Party.

15     11.   Counsel (without qualifier):  Outside Counsel and House Counsel (as
16 well as their support staffs).

17     12.   Expert:  A person with specialized knowledge or experience in a
18 matter pertinent to the litigation who has been retained by a Party or its Counsel to
19 serve as an expert witness or as a consultant in this action and who is not a past or
20 a current employee of a Party or of a competitor of a Party and who, at the time of
21 retention, is not anticipated to become an employee of a Party or a competitor of a
22 Party.  This definition includes a professional jury or trial consultant retained in
23 connection with this litigation.

24     13.   Professional Vendors:  Persons or entities that provide litigation
25 support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or
26 demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
27 and their employees and subcontractors.

28

**C.   SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

**D.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**E.   DESIGNATING PROTECTED MATERIAL**

1.   <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

1        (b) <u>for testimony given in deposition or in other pretrial or trial</u>

2 <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony

3 identify on the record, before the close of the deposition, hearing, or other

4 proceeding, all protected testimony, and further specify any portions of the

5 testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6 ONLY." When it is impractical to identify separately each portion of testimony

7 that is entitled to protection, and when it appears that substantial portions of the

8 testimony may qualify for protection, the Party or non-party that sponsors, offers,

9 or gives the testimony may invoke on the record, or in writing immediately

10 following the testimony, a right to have up to twenty (20) days to identify the

11 specific portions of the testimony as to which protection is sought and to specify

12 the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

13 CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the

14 testimony that are appropriately designated for protection shall be covered by the

15 provisions of this Order.

16        (c) <u>for information produced in some form other than documentary,</u>

17 <u>and for any other tangible items</u>, that the Producing Party affix in a prominent

18 place on the exterior of the container or containers in which the information or

19 item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20 ATTORNEYS' EYES ONLY." If only portions of the information or item warrant

21 protection, the Producing Party, to the extent practicable, shall identify the

22 protected portions, specifying whether they qualify as "Confidential" or as "Highly

23 Confidential – Attorneys' Eyes Only."

24     3.   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

25 failure to designate qualified information or items as "Confidential" or "Highly

26 Confidential – Attorneys' Eyes Only" does not, standing alone, waive the

27 Designating Party's right to secure protection under this Order for such material.

28 If material is appropriately designated as "Confidential" or "Highly Confidential –

1   Attorneys' Eyes Only" after the material was initially produced, the Receiving

2   Party, on timely notification of the designation, must make reasonable efforts to

3   assure that the material is treated in accordance with the provisions of this Order.

4   **F.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5        1.   Timing of Challenges.  Unless a prompt challenge to a Designating

6   Party's confidentiality designation is necessary to avoid foreseeable substantial

7   unfairness, unnecessary economic burdens, or a later significant disruption or delay

8   of the litigation, a Party does not waive its right to challenge a confidentiality

9   designation by electing not to mount a challenge promptly after the original

10  designation is disclosed.

11       2.   Meet and Confer.  A Party that elects to initiate a challenge to a

12  Designating Party's confidentiality designation must do so in good faith and must

13  begin the process by conferring directly (in voice-to-voice dialogue; other forms of

14  communication are not sufficient) with Counsel for the Designating Party.  In

15  conferring, the challenging Party must explain the basis for its belief that the

16  confidentiality designation was not proper and must give the Designating Party an

17  opportunity to review the designated material, to reconsider the circumstances,

18  and, if no change in designation is offered, to explain the basis for the chosen

19  designation.  A challenging Party may proceed to the next stage of the challenge

20  process only if it has engaged in this meet and confer process first.

21       3.   Judicial Intervention.  A Party that elects to press a challenge to a *LR*

22  confidentiality designation after considering the justification offered by the *37*

23  Designating Party may file and serve a motion under Civil Local Rule *7* (and in

24  compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

25  material and sets forth in detail the basis for the challenge.  Each such motion must

26  be accompanied by a competent declaration that affirms that the movant has

27  complied with the meet and confer requirements imposed in the preceding

28  paragraph and that sets forth with specificity the justification for the confidentiality

LATHAM•WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

6

1  designation that was given by the Designating Party in the meet and confer
2  dialogue. The burden of persuasion in any such challenge proceeding shall be on
3  the Designating Party. Until the Court rules on the challenge, all parties shall
4  continue to afford the material in question the level of protection to which it is
5  entitled under the Producing Party's designation.

6  **G.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7          1.    Basic Principles. A Receiving Party may use Protected Material that
8  is disclosed or produced by another Party or by a non-party in connection with this
9  case only for prosecuting, defending, or attempting to settle this litigation. Such
10 Protected Material may be disclosed only to the categories of persons and under
11 the conditions described in this Order. When the litigation has been terminated, a
12 Receiving Party must comply with the provisions of Section K (FINAL
13 DISPOSITION), below.

14         Protected Material must be stored and maintained by a Receiving Party at a
15 location and in a secure manner that ensures that access is limited to the persons
16 authorized under this Order.

17         2.    Disclosure of "Confidential" Information or Items. Unless otherwise
18 ordered by the Court or permitted in writing by the Designating Party, a Receiving
19 Party may disclose any information or item designated "CONFIDENTIAL" only
20 to:

21              (a) the Receiving Party's Outside Counsel of record in this action, as
22 well as employees of said Outside Counsel to whom it is reasonably necessary to
23 disclose the information for this litigation;

24              (b) the officers, directors, and employees (including House Counsel)
25 of the Receiving Party to whom disclosure is reasonably necessary for this
26 litigation;

27              (c) Experts (as defined in this Order) of the Receiving Party to whom
28 disclosure is reasonably necessary for this litigation and who have signed the

1 "Agreement to Be Bound by Protective Order" (Exhibit A);

2         (d) the Court and its personnel;

3         (e) court reporters, their staffs, and professional vendors to whom

4 disclosure is reasonably necessary for this litigation;

5         (f) during their depositions, witnesses in the action to whom

6 disclosure is reasonably necessary and who have signed the "Agreement to Be

7 Bound by Protective Order" (Exhibit A);

8         (g) the author of the document or the original source of the

9 information.

10      3.    Disclosure of "Highly Confidential – Attorneys' Eyes Only"

11 Information or Items. Unless otherwise ordered by the Court or permitted in

12 writing by the Designating Party, a Receiving Party may disclose any information

13 or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14 only to:

15         (a) the Receiving Party's Outside Counsel of record in this action, as

16 well as employees of said Outside Counsel to whom it is reasonably necessary to

17 disclose the information for this litigation;

18         (b) House Counsel of a Receiving Party to whom disclosure is

19 reasonably necessary for this litigation;

20         (c) Experts (as defined in this Order) (i) to whom disclosure is

21 reasonably necessary for this litigation, (ii) who have signed the "Agreement to Be

22 Bound by Protective Order" (Exhibit A), and (iii) as to whom the procedures set

23 forth in Section G(4), below, have been followed;

24         (d) the Court and its personnel;

25         (e) court reporters, their staffs, and professional vendors to whom

26 disclosure is reasonably necessary for this litigation; and

27         (f) the author of the document or the original source of the

28 information.

1      4.    Procedures for Approving Disclosure of "Highly Confidential –

2  Attorneys' Eyes Only" Information or Items to "Experts"

3         (a) Unless otherwise ordered by the court or agreed in writing by the

4  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this

5  Order) any information or item that has been designated "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written

7  request to the Designating Party that: (1) identifies the specific HIGHLY

8  CONFIDENTIAL information that the Receiving Party seeks permission to

9  disclose to the Expert; (2) sets forth the full name of the Expert and the city and

10  state of his or her primary residence; (3) attaches a copy of the Expert's current

11  resume; (4) identifies the Expert's current employer(s); (5) identifies each person

12  or entity from whom the Expert has received compensation for work in his or her

13  areas of expertise or to whom the expert has provided professional services at any

14  time during the preceding five years; and (6) identifies (by name and number of the

15  case, filing date, and location of court) any litigation in connection with which the

16  Expert has provided any professional services during the preceding five years.

17         (b) A Party that makes a request and provides the information

18  specified in the preceding paragraph may disclose the subject Protected Material to

19  the identified Expert unless, within seven court days of delivering the request, the

20  Party receives a written objection from the Designating Party. Any such objection

21  must set forth in detail the grounds on which it is based.

22         (c) A Party that receives a timely written objection must meet and

23  confer with the Designating Party (through direct voice to voice dialogue) to try to

24  resolve the matter by agreement. If no agreement is reached, the Party seeking to

25  make the disclosure to the Expert may file a motion as provided in Civil Local

26  Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking

27  permission from the Court to do so. Any such motion must describe the

28  circumstances with specificity, set forth in detail the reasons for which the

1   disclosure to the Expert is reasonably necessary, assess the risk of harm that the

2   disclosure would entail, and suggest any additional means that might be used to

3   reduce that risk.  In addition, any such motion must be accompanied by a

4   competent declaration in which the movant describes the Parties' efforts to resolve

5   the matter by agreement (*i.e.*, the extent and the content of the meet and confer

6   discussions) and sets forth the reasons advanced by the Designating Party for its

7   refusal to approve the disclosure.  In any such proceeding the Party opposing

8   disclosure to the Expert shall bear the burden of proving that the risk of harm that

9   the disclosure would entail (under the safeguards proposed) outweighs the

10  Receiving Party's need to disclose the Protected Material to its Expert.

11  **H.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

12  **PRODUCED IN OTHER LITIGATION.**

13         If a Receiving Party is served with a subpoena or an order issued in other

14  litigation that would compel disclosure of any information or items designated in

15  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

17  Party, in writing (by fax, if possible) immediately and in no event more than three

18  court days after receiving the subpoena or order.  Such notification must include a

19  copy of the subpoena or court order.

20         The Receiving Party also must immediately inform in writing the Party who

21  caused the subpoena or order to issue in the other litigation that some or all the

22  material covered by the subpoena or order is the subject of this Order.  In addition,

23  the Receiving Party must deliver a copy of this Order promptly to the Party in the

24  other action that caused the subpoena or order to issue.

25         The purpose of imposing these duties is to alert the interested parties to the

26  existence of this Order and to afford the Designating Party in this case an

27  opportunity to try to protect its confidentiality interests in the court from which the

28  subpoena or order issued.  The Designating Party shall bear the burdens and its

1   own expenses of seeking protection in that court of its confidential material – and

2   nothing in these provisions should be construed as authorizing or encouraging a

3   Receiving Party in this action to disobey a lawful directive from another court.

4   **I.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

5        If a Receiving Party learns that, by inadvertence or otherwise, it has

6   disclosed Protected Material to any person or in any circumstance not authorized

7   under this Order, the Receiving Party must immediately: (a) notify in writing the

8   Designating Party of the unauthorized disclosures; (b) use its best efforts to

9   retrieve all copies of the Protected Material; (c) inform the person or persons to

10   whom unauthorized disclosures were made of all the terms of this Order; and

11   (d) request such person or persons to execute the "Acknowledgment and

12   Agreement to Be Bound" that is attached hereto as Exhibit A.

13   **J.    FILING PROTECTED MATERIAL**

14        Without written permission from the Designating Party or a court order

15   secured after appropriate notice to all interested persons, a Party may not file in the

16   public record in this action any Protected Material. A Party that seeks to file under

17   seal any Protected Material must comply with Civil Local Rule 79-5.

18   **K.    FINAL DISPOSITION**

19        Unless otherwise ordered or agreed in writing by the Producing Party, within

20   sixty (60) days after the final termination of this action, each Receiving Party must

21   return all Protected Material to the Producing Party. As used in this subdivision,

22   "all Protected Material" includes all copies, abstracts, compilations, summaries, or

23   any other form of reproducing or capturing any of the Protected Material. With

24   permission in writing from the Designating Party, the Receiving Party may destroy

25   some or all of the Protected Material instead of returning it. Whether the Protected

26   Material is returned or destroyed, the Receiving Party must submit a written

27   certification to the Producing Party (and, if not the same person or entity, to the

28   Designating Party) by the sixty (60) day deadline that identifies (by category,

1   where appropriate) all the Protected Material that was returned or destroyed and

2   that affirms that the Receiving Party has not retained any copies, abstracts,

3   compilations, summaries, or other forms of reproducing or capturing any of the

4   Protected Material. Notwithstanding this provision, Counsel are entitled to retain

5   an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

6   correspondence, or attorney work product, even if such materials contain Protected

7   Material. Any such archival copies that contain or constitute Protected Material

8   remain subject to this Protective Order as set forth in Section D (DURATION),

9   above.

10  **L.   MISCELLANEOUS**

11        1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of

12  any person to seek its modification by the Court in the future.

13        2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

14  Order, no Party waives any right it otherwise would have to object to disclosing or

15  producing any information or item on any ground not addressed in this Order.

16  Similarly, no Party waives any right to object on any ground to use in evidence of

17  any of the material covered by this Order.

18

19  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20  Dated: ~~March~~ April 3, 2009          LATHAM & WATKINS LLP

21

22                                         By:
                                              James L. Day
23                                            Attorney for Defendants AKAMAI
                                              TECHNOLOGIES, INC.;
24                                            PAUL SAGAN; and ROBERT HUGHES

25  Dated: March 30, 2009                 PATRICK J. MANSHARDT

26                                         By: Maury Santamana
27                                             Patrick J. Manshardt
                                              Attorney for Plaintiff
28                                             ROBERT TOWNSEND

*future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"*

IT IS SO ORDERED.

DATED: 4/13/09

_____
UNITED STATES MAGISTRATE JUDGE

1 | IT IS SO ORDERED.

2 | Dated: _____, 2009    By: _____
Honorable Stephen V. Wilson
3 | United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM•WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

13

STIPULATED PROTECTIVE ORDER
Case No. CV 08-5534 SVW (SSx)

1  EXHIBIT A

2  AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

3  I, _____ [*print or type full name*], of

4  _____ [*print or type full*

5  *name and address*], declare under penalty of perjury that I have read in its entirety

6  and understand the Stipulated Protective Order that was issued by the United States

7  District Court for the Central District of California on _____, 2009, in the

8  case of *Townsend v. Akamai Technologies, Inc., et. al.*, CV 08-5534 SVW (SSx).

9  I agree to comply with and to be bound by all the terms of this Stipulated

10  Protective Order, and I understand and acknowledge that failure to so comply

11  could expose me to sanctions and punishment in the nature of contempt.

12  I solemnly promise that I will not disclose in any manner any information or item

13  that is subject to this Stipulated Protective Order to any person or entity except in

14  strict compliance with the provisions of this Order.

15  I further agree to submit to the jurisdiction of the United States District

16  Court for the Central District of California for the purpose of enforcing the terms

17  of this Stipulated Protective Order, even if such enforcement proceedings occur

18  after termination of this action.

19  Date: _____

20  City and State where sworn and signed: _____

21  Printed name: _____

22  Signature: _____

23

24

25

26

27

28